THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KERRI M. HILL, | ) | 8:04CV613 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| EMERGENCY DENTAL, INC., | ) | |
| BRENTWOOD DENTAL GROUP, | ) | |
| INC., MICHAEL OBENG, JARED | ) | |
| DERR, | ) | |
| | ) | |
| Defendants. | ) | |

This lawsuit arises from the termination of plaintiff Kerri Hill's employment as a dentist with the corporate defendants. Hill asserts 15 state and federal causes of action[1] against the defendants, generally alleging that the defendants' actions during, and at the termination of, her employment constituted a breach of contract, slander, violation of state and federal wage payment acts, retaliation, and gender and race discrimination. (Filing 33, Second Amended Complaint.) Pending before the court are the motions to dismiss or for more definite statement (filings 59 & 62) filed pursuant to Fed. R. Civ. P. 12(b)(6) and 12(e) by defendants Michael Obeng and Jared

---

[1]Hill has labeled her causes of action as follows: Alter Ego; Breach of Contract by Defendant Brentwood Dental Group, Inc.; Breach of Contract by Defendant Emergency Dental Group, Inc.; Account for Payments; Violation of Wage Payment Act, NE 48-1228; Slander; Retaliation in Violation of Public Policy; Gender Discrimination Under Nebraska Fair Employment Practice Act, NE § 48-1104; Race Discrimination Under Nebraska Fair Employment Practice Act, NE § 48-1104; Whistleblower Under Nebraska Fair Employment Practice Act, NE § 1114; Violation of the Nebraska Equal Pay Act Under NE § 48-1221; Gender Discrimination Under Title VII, 42 U.S.C. § 2000e-2(a)(1); Race Discrimination Under Title VII, 42 U.S.C. § 2000e-2(a)(1); Violation of the Equal Pay Act Under 29 U.S.C. § 206(d) and Title VII Civil Rights Act of 1963; and Retaliation in Violation of Title VII, 42 U.S.C. § 2000e-3(a).

Derr.

## Standard of Review

"Under the Federal Rules of Civil Procedure, an evidentiary standard is not a proper measure of whether a complaint fails to state a claim.  See Moore v. Clarke, 821 F.2d 518, 519 (8th Cir.1987) (the 'whole spirit' of the Federal Rules 'is to discourage the pleading of evidence').  'When a federal court reviews the sufficiency of a complaint . . . [t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'  Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90 (1974)."  Ring v. First Interstate Mortg., Inc., 984 F.2d 924, 926-27 (8th Cir. 1993).

> All that is required of a complaint is "a short and plain statement of the claim showing that the pleader is entitled to relief."  Furthermore, the complaint is to be liberally construed in the light most favorable to the plaintiff.  [The court] must assume that all the facts alleged in the complaint are true.  A Rule 12(b)(6) motion to dismiss a complaint should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief.  Nor should a complaint be dismissed merely because it does not state with precision all elements that give rise to a legal basis for recovery.  Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.

 Schmedding v. Tnemec Co., Inc., 187 F.3d 862, 864 (8th Cir. 1999) (citations omitted).

## Factual Allegations

Hill alleges in her second amended complaint (filing 33) that she entered into contracts with defendant Brentwood Dental Group, Inc., on July 1, 2002, and with

defendant Emergency Dental, Inc., on November 25, 2002, presumably as a dentist. Defendant Obeng was the owner and president of both corporate defendants, and defendant Derr was a stockholder, officer, and director of Emergency Dental, Inc. Hill alleges that "Emergency Dental is the alter ego of Brentwood." (Filing 33 ¶ 6.)

According to Hill's complaint, both contracts stated that the agreements would be "automatically renewed from year-to-year . . . unless written notice not to renew the Agreement is given by either party to the other party at least sixty (60) days prior [to] the end of the Initial Term." (Id. ¶ 10.) Hill's complaint also states that although these contracts labeled Hill as an "independent contractor," she was in fact an employee of the defendants due to the amount of control the defendants exercised over Hill's work.

In February 2003, Hill discovered and complained about the facts that the office manager had used Hill's Medicaid provider number when someone, other than Hill, had provided the services, and that her DEA number was being used for unauthorized drug dispensing. (Id. ¶¶ 14-16.)  In June 2003 through August 2003, Hill also complained that "the dental clinic had dangerous and improper sterilization procedures in place, including, but not limited to[,] using defective steriliz[ing] equipment, using single-use products multiple times on multiple patients, and using sterilization solution that was seldom changed." (Id. ¶ 19.)

After Hill complained about these issues, defendant Derr informed Hill that she would be moving to another dental clinic and her workload would decrease to three days per week—an arrangement made without Hill's consent.  At the new location, Hill learned that the reduction in her hours occurred "in order for Defendants to accommodate a new male dentist"; that the "male dentist's hours were increased in direct correlation with a decrease in Hill's hours"; and that her weekend hours would also be reassigned to two male dentists.  While Hill was at the new dental clinic, and beginning in July 2003, "her patients were being reassigned to other dentists without her consent or approval." (Id. ¶¶ 23-27.)

Also during her employment with the defendants, Hill was paid less than her male counterparts for substituting for vacationing dentists. When Hill complained about the disparity, Derr told her, "That's just the way it is." (Id. ¶¶ 17-18.) Hill also alleges that two male employees, Derr and another dentist, made "disparaging and untrue statements in front of Hill's patients and other employees discrediting her professional skills and abilities." (Id. ¶ 28.)

After receiving a 60-day notice from Emergency Dental, Inc., Hill's employment was terminated on November 1, 2003, but Brentwood Dental Group, Inc., gave her no such notice. When Hill temporarily returned to Emergency Dental in January 2004 to substitute for a vacationing dentist, she "continued to be subjected to discrimination and slanderous remarks. As a result of these remarks Hill encountered difficulties in obtaining employment and gaining clientele." (Id. ¶¶ 31-34.)

While Hill's Second Amended Complaint names Michael Obeng and Jared Derr as defendants in the caption, the complaint requests judgment against defendants Emergency Dental Group, Inc., and Brentwood Dental Group, Inc, only. (Filing 33, at 13.)

## **Motions to Dismiss**

In their motions to dismiss and very abbreviated briefs, Derr and Obeng argue that Hill's allegations that Derr is a stockholder, officer, and director of defendant Emergency Dental, Inc. and that Obeng is the owner and president of both corporate defendants do not "create an independent basis for [Derr and Obeng] to have any liability to Plaintiff." (Filing 63; Br. Supp. Obeng's Mot. to Dismiss, at 3; see also Filing 58, Br. Supp. Derr's Mot. to Dismiss, at 2.) Specifically, Obeng and Derr maintain that "there is no statement whatsoever showing how any of the fifteen claims pertain specifically to [Derr and Obeng] or how Plaintiff is entitled to any relief from [Derr and Obeng]." (Id.) They contend that while Hill alleges that Derr slandered her

-4-

by making disparaging and untrue statements about Hill's professional skills in front of patients and employees, she does not allege facts implicating Obeng in the alleged slander, nor does she mention Derr and Obeng in any of the remaining causes of action.

I agree that, with the exception of Hill's second and third causes of action which specifically name the corporate defendant against which these claims are asserted, Hill fails to indicate which causes of action are asserted against which defendants. Hence, I shall grant Hill leave to clarify her complaint in this regard.[2]

Obeng and Derr next assert that Hill's state-law retaliation claim[3] is inadequate due to her failure to allege a specific public policy violation. "A prima facie case of

_____

[2]I note that insofar as Hill's Title VII and Nebraska Fair Employment Practice Act causes of action are concerned, defendants Derr and Obeng may not be held individually liable, but only as employees of the corporate defendants. Bales v. Wal-Mart Stores, Inc., 143 F.3d 1103, 1111 (8th Cir. 1998) (supervisors may not be held individually liable under Title VII; supervisor may only be liable in capacity as employee of corporate defendant); Spencer v. Ripley County State Bank, 123 F.3d 690, (8th Cir. 1997) (affirming district court's dismissal of Title VII claims against bank president because individual employees are not personally liable under Title VII); Bonomolo-Hagen v. Clay Central-Everly Community School Dist., 121 F.3d 446 (8th Cir. 1997) (supervisors may not be held individually liable under Title VII); Bluff's Vision Clinic, P.C. v. Krzyzanowski, 555 N.W.2d 556, 559 (Neb. 1996) (Nebraska Fair Employment Practice Act is patterned after Title VII; federal court decisions construing Title VII should be considered in construing NFEPA); City of Fort Calhoun v. Collins, 500 N.W.2d 822, 825 (Neb. 1993) (same).

[3]Hill's Seventh Cause of Action alleges that Hill engaged in "protected activity by her complaints"; "Defendant took action causally connected to Plaintiff's complaints in retaliation"; Hill suffered "adverse employment actions as a consequence of engaging in protected activity . . . Defendants retaliated against Plaintiff for complaining about the above-mentioned events"; and Hill suffered "substantial damages" as a result of "Defendants' retaliatory actions." (Filing 33 ¶ 65-69.)

retaliatory discharge of an employee consists of a discharge following a protected activity of which the employer was aware." Wolfe v. Becton Dickinson & Co., 662 N.W.2d 599, 604 (Neb. 2003). Neb. Rev. Stat. Ann. § 48-1114(3) (LexisNexis 2002)[4], part of Nebraska's Fair Employment Practice Act, makes an employee's opposition "to *any* unlawful act of the employer . . . protected." Id. Hill's second amended complaint alleges that she suffered adverse employment action as a consequence of engaging in protected activity—that is, complaining to her employer about actions by her employer that are "in fact . . . unlawful or at least . . . of a type that is unlawful," such as gender and race discrimination, illegal use of her Medicaid and DEA provider numbers, and failure to uphold applicable health standards regarding sterilization of equipment. Wolfe, 662 N.W.2d at 606. Therefore, I shall deny the defendants' motions to dismiss Hill's state-law retaliation claim.

Finally, Derr and Obeng argue that defendant Emergency Dental, Inc., was the only respondent named in Hill's charge of discrimination with the Nebraska Equal Opportunity Commission ("NEOC") and the Equal Employment Opportunity Commission ("EEOC"); that the charge and notice of right to sue "make no reference to Dr. Obeng, Brentwood, or Mr. Derr" as Hill's employer; and that Hill's "employment-driven" claims must be dismissed as against Derr and Obeng because Hill has not alleged that these defendants are her "employer." (Filing 63, at 2 & 6; Filing 58, at 3-4.)

Hill's NEOC and EEOC charge of discrimination was filed against "Emergency Dental." (Filing 33, Ex. A.) Hill's complaint alleges that defendant Obeng is the owner and president of Emergency Dental and that defendant Derr is a stockholder, officer, and director of Emergency Dental. (Filing 33 ¶¶ 4-5.) Because the individual

---

[4]This statute makes it an "unlawful employment practice for an employer to discriminate against any of his or her employees . . . because he . . . has opposed any practice or refused to carry out any action unlawful under federal law or the laws of this state."

defendants are alleged to have an identity of interest with the defendant named in the charge of discrimination, I need not dismiss defendants Obeng and Derr on that basis. Winbush v. State of Iowa, by Glenwood State Hosp., 66 F.3d 1471, 1478 n.9 (8th Cir. 1995) (finding no merit to claim that individual defendants that were not named in EEOC right-to-sue letter could not be defendants in subsequent lawsuit because there was sufficient identity of interest between individual defendants and named hospital defendant such that the individual defendants had notice of the charges); Greenwood v. Ross, 778 F.2d 448, 450-51 (8th Cir. 1985) (holding that district court erred in dismissing Title VII claim against individual defendants that were not named in EEOC charge because individual defendants were supported by, directed by, and acted on behalf of named employer defendant with "complete identity of interest" such that individual defendants had notice of the charge and had opportunity to attempt conciliation; purpose of Title VII would be frustrated if individual defendants dismissed).

As to the defendants' argument that Hill's "employment-driven" claims must be dismissed because Hill has not alleged that Derr and Obeng were her "employer," I shall grant the plaintiff leave to amend her complaint to allege, if possible, that these defendants are "employers" within the meaning of the applicable state and federal discrimination statutes, such as Neb. Rev. Stat. Ann. § 48-1102(2) (LexisNexis Cum. Supp. 2005) (defining "employer" for purposes of Nebraska Fair Employment Practice Act); Neb. Rev. Stat. Ann. § 48-1220(2) (LexisNexis Cum. Supp. 2005) (defining "employer" for purposes of sex discrimination in payment of wages); and 42 U.S.C.A. § 2000e(b) (West 2003) (defining "employer" for purposes of Title VII). 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 733 & 738 (3d ed. 2004) ("The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that the plaintiff be given every opportunity to cure a formal defect in the pleading.").

Accordingly,

IT IS ORDERED:

1.      The plaintiff is granted leave to file a Third Amended Complaint in the following particulars: (a) to indicate which causes of action are asserted against which defendants; and (b) to allege, if possible, that defendants Derr and Obeng were her "employers" within the meaning of the applicable state and federal discrimination statutes;

2.      The plaintiff shall file her Third Amended Complaint on or before January 4, 2006; and

3.      The defendants' motions to dismiss and for more definite statement (filings 59 & 62) are denied.

December 16, 2005.                    BY THE COURT:

                                      s/ *Richard G. Kopf*
                                      United States District Judge