```
            IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| KERRI M. HILL, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CV613 |
| | ) | |
| v. | ) | |
| | ) | |
| EMERGENCY DENTAL, INC., | ) | MEMORANDUM AND ORDER |
| BRENTWOOD DENTAL GROUP, INC., | ) | |
| MICHAEL OBENG  and JARED | ) | |
| DERR, | ) | |
| | ) | |
| Defendants. | ) | |

Defendants have moved to compel the production of documents. Of the matters disputed, only the plaintiff's personal diary is strongly contested. The other materials have been agreed to be produced, but plaintiff has not been able to find them following her recent move.

First, regarding the materials that have been agreed to be produced, I shall order them produced. In the event the plaintiff is unable to find them now, she must again search for them, and if they are found, turn them over to counsel. If they are not found, she must so swear in an affidavit or declaration, stating in detail the efforts she has made to find them, both before now and as a result of this order, and that despite her diligent search she cannot find them. In the event they are later found, they must be produced.

Plaintiff's response to Request for Production number 9 is insufficient. The rules and the progression order in this case specifically state that when documents are withheld from production, a description of each such document--commonly

referred to as a "privilege log"--must be produced.  Plaintiff has not specifically described the items withheld and has not made any showing in response to this motion that they are privileged or in any other way protected from discovery.  All documents responsive to the request must be produced.

With respect to the diary, plaintiff refuses to produce the diary, saying it is irrelevant and contains nothing pertaining to this lawsuit in any way.  It is the burden of the requesting party to demonstrate relevance of a discovery request.  See Herbert v. Lando, 441 U.S. 153, 177 (1979).  (The requirement of Rule 26(b)(1) that the material sought in discovery be "relevant" should be firmly applied, and the district courts should not neglect their power to restrict discovery where "justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense ..." Rule 26(c).  With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process.")  Nothing in the evidence before the court indicates that the diary has any relevant information in it, and the deposition testimony of the plaintiff is that it does not.  Defendants' counsel indicates that plaintiff's former counsel agreed to produce it, but there is nothing in the record indicating such.  In short, the first hurdle for the defendants is to show relevance, and they have not done so.

IT THEREFORE HEREBY IS ORDERED:

1.  The motion to compel, filing 128, is granted in part and denied in part, as follows:

> a.  The motion is granted with respect to all materials responsive to Request for Production number 9, except as provided in the next paragraph.  Plaintiff shall, within fifteen days, produce all other documents responsive to

the request and not previously produced.  In the event that, after diligent search, there are responsive materials not produced for the reason that they are lost, plaintiff shall file a signed affidavit under oath stating in detail the efforts she has made to find the requested materials and that despite such diligent efforts she has been unable to find them.  Plaintiff shall continue to search for such materials and produce them when found.

b.  Plaintiff's diary need not be produced.

2.  Each party shall bear its own expenses with respect to this discovery matter.

DATED this 21st day of July, 2006.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge